UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER F. EDLIN,       )   | |
|         Plaintiff,       ) | |
|                          ) | |
|    vs.                   ) | 1:05-cv-1063-LJM-WTL |
|                          ) | |
| VEOLIA WATER INDIANAPOLIS, LLC;   ) | |
| VEOLIA WATER NORTH AMERICA        ) | |
| OPERATING SERVICES, INC.;         ) | |
| CONSOLIDATED CITY OF INDIANAPOLIS,) | |
| MARION COUNTY, INDIANA, and THE   ) | |
| DEPARTMENT OF WATERWORKS          ) | |
| OF THE CITY OF INDIANAPOLIS,      ) | |
|         Defendants.               ) | |

### ORDER ON CITY OF INDIANAPOLIS' MOTION TO DISMISS

This matter is before the Court on the motion of defendants, the Department of Waterworks of the City of Indianapolis ("Waterworks") and the City of Indianapolis ("City") (collectively the "City Defendants"), to dismiss the claims against them brought by the plaintiff, Roger F. Edlin ("Plaintiff"). The City Defendants assert that Plaintiff cannot maintain his Section 1983 action against them, because the Plaintiff does not allege that he had an employment relationship with the City Defendants. For the reasons set forth herein, the City Defendants' motion to dismiss is **DENIED**.

### I. BACKGROUND

In 2002, the Indianapolis Water Company ("IWC") contracted to sell all of its assets to the City. Compl. ¶ 8. Simultaneously with the closing of the asset purchase deal between IWC and the City, the City closed an agreement with Veolia Water Indianapolis, LLC ("Veolia") for the operation

and management of the water company and its employees. *Id.* ¶ 10.

Plaintiff alleges that the City Defendants, Veolia and Veolia Water North America Operating Services, Inc. (together, the "Veolia Defendants") "are in a symbiotic relationship which they often describe as a 'public-private partnership' and as a 'joint venture.'" *Id.* ¶ 42. He further asserts that the City Defendants exert control over the day-to-day operations of the Veolia Defendants. *Id.*

Plaintiff was an employee of Veolia. *Id.* ¶ 14. According to the Complaint, the City Defendants and the Veolia Defendants conspired to terminate Plaintiff as punishment for engaging in protected speech and to chill his further protected speech. *Id.* ¶ 40. Plaintiff alleges that the City Defendants' involvement aggravated or contributed to the Veolia Defendants' decision to terminate his employment. *Id.* ¶ 42. Plaintiff alleges all of the defendants terminated him in retaliation for speaking out on matters of public concern to discredit the Plaintiff, and in punishment for making certain statements to the media. *Id.* ¶ 33.

## II.  STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim is subject to dismissal for "failure to state a claim upon which relief may be granted." *United States v. Clark County, Indiana*, 113 F. Supp.2d 1286, 1290 (S.D. Ind. 2000). When considering a motion under this rule, the Court must examine the sufficiency of a plaintiff's complaint, not the merits of the lawsuit. *Id*. The Court shall accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Id*. Dismissal under Rule 12(b)(6) is proper only if the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Chavez v. Illinois State Police*, 251 F.3d 612, 648 (7th Cir. 2001), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

*Veazey v. Communications & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir.1999).

### III.  DISCUSSION

The City Defendants argue that they cannot be liable to the Plaintiff for the termination of his employment because they were not involved in an employment relationship with the Plaintiff. The City Defendants further argue that absent an employment relationship, the Plaintiff must allege that the City Defendants took some affirmative step to form the causal link between his alleged constitutional violation and his termination.  Defs' Reply at 3.  The Court finds that Plaintiff has made the necessary allegations to support his claims.

An employment relationship is not necessary for an individual to bring a First Amendment claim against a governmental entity.  *See Power v. Summers*, 226 F.3d 815, 820  (7th Cir. 2000). "Any deprivation under color of law that is likely to deter the exercise of free speech, whether by an employee or anyone else, is actionable."  *Id.*  The lack of an employment or contractual relationship between the City Defendants and Plaintiff is not fatal to Plaintiff's claim.

Both parties cite *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000), to support their arguments.  In *Worrell*, the plaintiff's suit named a narcotics agent as a defendant, alleging that he retaliated against the plaintiff for testifying in a previous drug prosecution trial.  *Worrell*, 219 F.3d at 1202.  The agent/defendant pressured a potential employer to withdraw a job offer the employer had made to the plaintiff to work on a drug task force, by threatening to withhold his support and assistance to the task force if the plaintiff were hired.  *Id.*  The agent/defendant had no employment or contractual relationship with the plaintiff.  *Id.* at 1210.  The Tenth Circuit, following the approach of other courts, set out a framework for First Amendment retaliation claims against a non-employer.

Those are: (1) the plaintiff was engaged in a constitutionally protected activity, (2) the defendant took action that caused the plaintiff to suffer an injury that reasonably would have a chilling affect, and (3) the defendant's conduct was substantially motivated by the plaintiff's participation in the protected activity. *Id.* at 1212. Similarly, the Eighth Circuit has held that "[The plaintiffs'] allegation that the [city manager] used his position of authority to cause [the employer] to fire her in retaliation for the testimony she gave . . . stated a claim under section 1983." *Helvey v. City of Maplewood*, 154 F.3d 841, 844 (8th Cir. 1998).

Plaintiff alleges that the City Defendants and the Veolia Defendants "acted together" to terminate his employment. Compl. ¶ 40. Plaintiff further alleges that the City Defendants exert a great deal of control over the Veolia Defendants, and that the decision to fire Plaintiff was motivated by all defendants' desire to silence him. *Id.* ¶ 42. As Plaintiff points out, he has alleged that the City Defendants used its control over the Veolia Defendants to action to bring about his termination. That Plaintiff does not allege the City Defendants' specific actions is not fatal to his claim at the pleading stage. Plaintiff is entitled to pursue his claim against the City Defendants.

## IV. CONCLUSION

For the reasons explained above, the City Defendants' motion to dismiss Plaintiffs' claims against them is **DENIED**.

IT IS SO ORDERED this 2nd day of November, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

4

Distributed to:

Blake J. Burgan
SOMMER BARNARD ATTORNEYS, PC
bburgan@sommerbarnard.com

Robin C. Clay
OFFICE OF CORPORATION COUNSEL
rclay@indygov.org

Allison Wells Gritton
OFFICE OF CORPORATION COUNSEL
agritton@indygov.org

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Michael L. Schultz
mlslaw@sbcglobal.net

W. Russell Sipes
LAUDIG GEORGE RUTHERFORD & SIPES
wrsipes@lgrslaw.com

Michael C. Terrell
SOMMER BARNARD ATTORNEYS, PC
mterrell@sommerbarnard.com